IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STACEY DAILEY,                          )
                                        )
      PLAINTIFF,                       )       CASE NUMBER:
                                        )
VS.                                     )       2:10-CV-155-SRW
                                        )
                                        )       JURY DEMAND
CHECK PLUS SYSTEMS, L.P.,               )
A/K/A CPS SECURITY,                     )
                                        )
      DEFENDANT.                       )

## COMPLAINT

### I. Introduction

1. This Complaint, filed by the Consumer/Plaintiff, asserts the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA"); and the Defendant's violation of various Alabama State tort laws.

2. This Complaint seeks damages consisting of actual, statutory and punitive damages for the Defendant's violations of the aforementioned statutes and the State of Alabama common law.

3. All of the violations stated in this Complaint occurred within one (1) year from the filing date of this Complaint.

### II. Jurisdiction and Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1337. Supplemental jurisdiction exists for the Alabama State law claims pursuant to 28 U.S.C. § 1367.

5. This Court has venue under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Middle District of Alabama.

6. This Court has personal jurisdiction over the Defendant, Check Plus Systems, L.P., a/k/a CPS Security. (hereinafter, "CPS"), because the Defendant, CPS, has established minimum contacts in the State of Alabama. The minimum contacts include, but are not limited to, the Defendant, CPS, engaging in collection actions in the State of Alabama by directing debt collection telephone calls to Alabama residents and by mailing debt collection letters to Alabama residents. There is both general and specific jurisdiction over the Defendant, CPS.

### III. Parties

7. The Plaintiff, Stacey Dailey, is a resident citizen of Montgomery County, Montgomery, Alabama.

8. The Defendant, CPS, is a Texas limited partnership engaged in the debt collection business with its principal place of business believed to be located at 606 North Carancahua Street, 12th Floor, Corpus Christi, Texas 78476. The Defendant's, CPS', principal purpose is to collect debts using the mail and telephone. The Defendant, CPS, regularly attempts to collect debts alleged to be due another.

9. The Defendant, CPS, is a debt collector as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. Factual Allegations

10. Upon information or belief, the alleged indebtedness in which the Defendant is collecting originated from a Home Shopping Network (hereinafter, "HSN") account.

11. All debt collection efforts complained of herein relate to the attempted collection of the alleged indebtedness arising from the HSN account.

12. The Plaintiff's alleged indebtedness to HSN arises out of her obligation to pay money derived from certain credit transactions where the money or property was used primarily for personal, family, or household purposes.

13. The alleged indebtedness to HSN is strictly a consumer debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

14. On or within one year of the filing of this Complaint, the Defendant, CPS, mailed Plaintiff a collection notice seeking to collect an alleged consumer debt. A copy of the collection notice is attached hereto as Exhibit "1."

15. The collection letter, Exhibit "1," states:

### "SMALL CLAIMS COURT ACTION RECOMMENDATION"

> "BE ADVISED THAT YOU ARE LISTED ON DOCUMENTS
> THAT WILL BE PRESENTED TO THE MERCHANT
> RECOMMENDING THAT TO DATE INEFFECTIVE
> VOLUNTARY COLLECTION ATTEMPTS BE TERMINATED
> AND REPLACED BY COLLECTION ACTION IN SMALL

CLAIMS COURT. . . .

CONSIDER THIS YOUR FINAL NOTICE; HOWEVER, THIS
DOES NOT LIMIT THE MERCHANT'S LEGAL OPTIONS IN
COLLECTING THIS DEBT. IN THE EVENT THAT THIS
COLLECTION METHOD IS SELECTED. . .THIS MAY
RESULT IN ADDITIONAL FEES ADDED TO THE BALANCE
DUE. . . .

BY MAKING PAYMENT IN FULL WITHIN THE NEXT TEN [10]
DAYS, OR AGREEING ON AN AMICABLE PAYOUT PLAN, YOU
CAN HALT FUTURE COLLECTION ACTION. . . ."

"COUNTY CODE[1] - . . . ."

16. On or within one year of the filing of this Complaint, the Defendant, CPS, mailed Plaintiff a collection notice seeking to collect an alleged consumer debt. A copy of the collection notice is attached hereto as Exhibit "2."

17. The collection letter, Exhibit "2," states:

"AFFIDAVIT OF MAILING . . . RECORDED 05/21/2009. . ."

"**ADVISORY TO MERCHANT
RE: DEBT ON SWORN ACCOUNT**. . ."

<u>**10-DAY CURE PERIOD:
GARNISHMENT PROCEDURES RECOMMENDED**</u>"

"Debt Validated . . . Proof of Debt Previously Provided . . . Final Notice Provided"

". . .restitution for the full amount . . . must be received by this office within (10) ten days of the date of this letter to stop

---

[1] The "COUNTY CODE" is believed to be the Defendant's account number as it pertains to the Plaintiff and has not been disclosed pursuant to Fed. R. Civ. Proc. 5.2.

> further action. . . . CPS Security will recommend that HSN engage the services of an attorney in your county to take legal action in an effort to obtain a judgment for the full amount of your outstanding debt."
>
> Such action may subject you to additional fees such as interest, attorney's fees, and other costs as permitted under ALABAMA state laws. If the holder of this debt is successful in obtaining a judgment against you, the creditor may have the right to garnish your salary, or other assets, under certain circumstances. To garnish a salary is to issue a document reciting the details of a judgment to a sheriff or marshall who instructs the employer to deduct and forward a percentage of the debtor's wages, or other assets in payment of the debt(s). The sheriff or marshall deducts any fees and remits the balance to the creditor. The amount permitted to be garnished is dictated by law."
>
> **"You may clear this from your record now by calling our customer service department toll free."**
>
> "COUNTY CODE. . . ."

17.     On or within one year of the filing of this Complaint, the Plaintiff received several automated voicemail messages on her cellular telephone requesting that she contact the Defendant.

18.     On every occasion where CPS left a message on the Plaintiff's cellular telephone, CPS neglected to report that it was a debt collector attempting to collect a debt.

19.     Upon information or belief, the Defendant had no actual authority to commence a lawsuit against the Plaintiff to collect on the HSN account.

20. Upon information or belief, the Defendant had no implied authority to commence a lawsuit against the Plaintiff to collect on the HSN account.

21. Upon information or belief, the Defendant had no intent to commence a lawsuit against the Plaintiff.

22. The written collection agreement between HSN and CPS does not allow for CPS to commence a lawsuit against the Plaintiff.

### Count I - Violation of Fair Debt Collection Practices Act (FDCPA)

23. The Plaintiff adopts and incorporates paragraphs 1 through 22 as if fully set out herein.

24. The Defendant violated various provisions of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, -e, & -f.

25. The Defendant, CPS, violated 15 U.S.C. § 1692d by engaging in conduct "the natural consequences of which is to harass, oppress or abuse" the Plaintiff in connection with the collection an alleged debt.

26. The Defendant, CPS, violated 15 U.S.C. § 1692e by using false, deceptive or misleading representations or means in connection with collection of the alleged HSN debt. The false, deceptive or misleading representations include, but are not limited to the following:

- False threat of lawsuit; and,
- Failing to identify itself as a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

27.     The Defendant, CPS, violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged HSN indebtedness.

28.     The Plaintiffs have been injured as a proximate result of the Defendant's conduct.

## Count II - Negligence Per Se

29.     The Plaintiff adopts and incorporates paragraphs 1 through 28 as if fully set out herein.

30.     The FDCPA, 15 U.S.C. § 1692 et seq., was enacted to protect consumers from abusive, deceptive, or unfair debt collect practices.

31.     The Plaintiff occupies that class of consumers that Congress sought to protect by its enactment of the FDCPA.

32.     The Plaintiff asserts that the FDCPA applies to her as well as the Defendant.

33.     By enacting the FDCPA, Congress specifically recognized that abusive, deceptive, or unfair debt collection practices contribute to the number of personal bankruptcies, to marital instability, to job loss and to invasions of individual privacy.

34.     By enacting the FDCPA, Congress also specifically recognized that existing laws and procedures for redressing these injuries are inadequate to protect consumers.

35.     By enacting the FDCPA, Congress further recognized that debt collectors had means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

36. In its' stated purpose to enact the FDCPA, Congress sought to "eliminate abusive debt collection practices by debt collectors."

37. The FDCPA sets forth a statutory duty owed by the Defendant to the recipients of its collection activities.

38. The Plaintiff has been injured by the Defendant's illegal conduct.

39. The Plaintiff's injuries were reasonably contemplated by the FDCPA. Congress specifically described the injuries the Plaintiff complains of.

40. The Defendant violated the FDCPA based on the following conduct:

- Threatening to sue the Plaintiff when the Defendant had no present right nor an intent to file a collection lawsuit; and,
- Failing to notify the Plaintiffs that the Defendant was a debt collector attempting to collect a debt.

41. The Plaintiff has been injured as a result of the Defendant's conduct and said conduct proximately caused such injury.

## Prayer for Relief

WHEREFORE, the Plaintiff, Stacey Dailey, prays this Honorable Court enter judgment against the Defendant, Check Plus Systems, L.P., a/k/a CPS Security, for the following:

a) Actual damages;

b) Statutory damages;

c) Punitive damages;

    d)    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(1); and,

    e)    All other relief that is just.

Respectfully submitted,

BROCK & STOUT

_____
David G. Poston, Esq.
Michael D. Brock, Esq.
Gary W. Stout, Esq.
Post Office Drawer 311167
Enterprise, Alabama 36331
334-393-4357
334-393-0026 Facsimile
Email: christal@circlecitylaw.com